IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID LANIER, | CASE NO. CV F 10-1120 LJO SKO |
| Plaintiff, | **ORDER ON CITY DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 6.) |
| CITY OF FRESNO, et al, | |
| Defendants. | |

**INTRODUCTION**

Defendants City of Fresno ("City") and City police officers Alfonso Castillo ("Officer Castillo") and Stephen Taylor ("Officer Taylor")[1] seek to dismiss plaintiff Khalid Lanier's ("Mr. Lanier's") excessive force, *Monell* and premature hospital release claims as time barred and lacking sufficient facts. Mr. Lanier responds that his claims are timely and adequately pled. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record without a hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES in part and with leave to amend Mr. Lanier's claims.

---

[1] The City and Officers Castillo and Taylor will be referred to collectively as "defendants."

1

# BACKGROUND[2]

## Mr. Lanier's Shooting

During the late afternoon of June 20, 2008, Mr. Lanier, who is black, drove on a Fresno freeway a sedan which he did not know had been stolen by his girlfriend and passenger, Carol Schumann ("Ms. Schumann"). Mr. Lanier became aware of a police siren to pull him over. Ms. Schumann informed Mr. Lanier that she had stolen the car and possessed a firearm. Mr. Lanier exited the freeway and drove near a retirement home where he parked.

Mr. Lanier remained in the car and placed his arms visibly atop the steering wheel to surrender peaceably. Officers Castillo and Taylor's squad car collided the front driver's side of Mr. Lanier's car at a high rate of speed. Mr. Lanier fled from his vehicle to avoid the squad car's crashing into the driver's side of Mr. Lanier's car.

Officer Castillo followed Mr. Lanier into the retirement home where Mr. Lanier attempted to surrender. Officer Castillo shot Mr. Lanier in the back multiple times with Officer Castillo's 10 mm handgun although Mr. Lanier posed no threat of death or serious physical harm to anyone and lacked possession of a weapon.

Officers Castillo and Taylor moved Mr. Lanier to an outdoor courtyard[3] where Mr. Lanier was subjected to "suffocating heat" and improperly treated for his serious wounds and collapsed lung.

Mr. Lanier was treated at Fresno Community Medical Center and prematurely discharged "after about seven days."[4]

Mr. Lanier was incarcerated during December 2008 to his February 10, 2010 release.

## Mr. Lanier's Government Claim

Pursuant to the California Government Claims Act ("Claims Act"), Cal. Gov. Code, §§ 810, et seq., Mr. Lanier submitted his December 17, 2008 claim to the City to allege: "Officer Castillo did not

---

[2] The factual recitation is derived generally from Mr. Lanier's operative Complaint for Damages ("complaint").

[3] In his opposition papers, Mr. Lanier claims that Officers Castillo and Taylor drug him.

[4] In his opposition papers, Mr. Lanier claims that "he was surgically operated upon for gunshot wounds, damage to his liver and spleen, rib cage damage, and other injuries" and "almost died."

2

comply with his training and used excessive force." On January 27, 2009, the City mailed to Mr. Lanier at the Fresno County Jail its notice of the same date to reject Mr. Lanier's claim. The notice informed Mr. Lanier that he had "six (6) months from the date this notice was . . . deposited in the mail to file a court action on this claim." After the notice was returned to the City, the City on February 19, 2009 mailed its letter of the same date to Mr. Lanier at Wasco State Prison to enclose its original notice of claim rejection. The letter stated that it "shall not serve to toll Government Code § 945.6, nor shall it serve to waive or estop the City from asserting rights and defenses available to it."

**Mr. Lanier's Claims In This Action**

On June 21, 2010, Mr. Lanier filed with this Court his complaint to allege:

1. A (first) 42 U.S.C. § 1983 ("section 1983") claim that Officers Castillo and Taylor deprived Mr. Lanier's "rights and privileges under the Fourth Amendment and the Fourteenth Amendment";

2. A (second) section 1983 claim that the City "with deliberate indifference" failed to adequately train, supervise and direct its officers and to use adequate hiring procedures and that City policy making officers ordered, authorized and/or ratified Officers Castillo and Taylor's conduct;[5]

3. A (third) battery claim that Officers Castillo and Taylor "intentionally caused offensive contact" with Mr. Lanier's person;

4. A (fourth) negligence claim that Officers Castillo and Taylor "used violent and excessive force" against Mr. Lanier and failed to use due care "in handling him after he was needlessly shot in the back" and in improperly obtaining Mr. Lanier's premature hospital discharge;

5. A (fifth) California Civil Code section 51.7 claim that Officers Castillo and Taylor "used violence and intimidation by threat of violence against Plaintiff because of his race or ethnicity"; and

6. A (sixth) California Civil Code section 52.1 claim that Officers Castillo and Taylor

---

[5] The complaint's first and second claims will be referred to collectively as the "section 1983 claims."

3

interfered with Mr. Lanier's rights under the Fourth and Fourteenth Amendments and California Constitution and laws.[6]

The complaint seeks punitive damages and recovery for Mr. Lanier's physical injury, emotional distress and attorney fees.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Defendants seek to dismiss the complaint's section 1983 and state claims as time barred and on other grounds discussed below.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways

---

[6] The complaint's third through sixth claims will be referred to collectively as the "state claims."

4

that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a

5

       context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

       In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their

/ / /

/ / /

/ / /

claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[7]  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action."  *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  A court properly may take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss.  *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

With these standards in mind, this Court turns to defendants' challenges to the section 1983 and state claims.

**Section 1983 Limitation Period**

Defendants contend that the section 1983 claims are barred by the applicable two-year limitations period given that the section 1983 claims accrued on June 20, 2008 and that Mr. Lanier filed his complaint on June 21, 2010.  Defendants argue that Mr. Lanier is entitled to no tolling based on his incarceration after accrual of his section 1983 claims.  *See* Cal. Code Civ. Proc., § 352.1(a).

Mr. Lanier responds that his section 1983 claims are timely in that the last day of the two-year limitations period fell on a Sunday to extend his filing deadline to the next court day, Monday, June 21, 2010.

Federal civil rights statutes have no independent limitations period.  *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) (California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985)*; McDougal v. County of Imperial*, 942 F.2d 668, 673-674 (9th Cir. 1991) ("suits under § 1985(3) are also best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983"); *Abreu v. Ramirez*, 284 F.Supp.2d

---

[7] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Section 1983 and related federal civil rights claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985).

On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[8] took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson*, 471 U.S. at 271-272, 105 S.Ct. 1938; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)), from one year under former California Code of Civil Procedure section 340(3) to two years. *Abreu*, 284 F.Supp.2d at 1255; *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3. Applying California law, federal civil rights claims which arise in California are generally barred if not brought within two years if they accrued after January 1, 2003. *See Johnson*, 421 U.S. 454, 95 S.Ct. 1716; *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug*, 896 F.2d at 396-397; *see also Taylor*, 993 F.2d at 711.

Defendants are correct that the two-year limitations period applies. However, defendants fail to realize or acknowledge that June 20, 2010, the date on which they claim the limitations period expired, was a Sunday.[9] F.R.Civ.P. 6(a) addresses computing time when "any statute . . . does not specify a method of computing time." F.R.Civ.P. 6(a)(1)(C) provides that in computing time "include the last day of the period, but if the last day is a Saturday, **Sunday**, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." (Bold added.) *See Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (Sunday not counted as last day to compute limitations period for section 1983 claim). Given that June 20, 2010 was a Sunday, Mr. Lanier had up to Monday, June 21, 2010 to file his complaint to allege his section 1983 claims, which are timely.

---

[8] Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

[9] Since defendants do not respond to this issue in their reply papers, this Court surmises that defense counsel failed to exercise the simple task to determine on which day June 20, 2010 fell, or knew the day fell on a Sunday and tried to put one past Mr. Lanier's counsel and this Court. Despite whether the error was intentional or unintentional, this Court disapproves of defense counsel's attempt to pursue a frivolous limitations defense.

**Particularized Fourth Amendment Claim**

Defendants seeks dismissal of the section 1983 claims to the extent that Mr. Lanier "claims excessive force was used in violation of his Fourteenth Amendment Rights." Defendants argue that excessive force must be analyzed the Fourth Amendment's more particularized standards.

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988).

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright*, 510 U.S. at 271, 114 S.Ct. 807, 811 (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042 (1978) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 996 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker,* 443 U.S. at 140, 99 S.Ct. 2689 (1979). Stated differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 813 (1994). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker*, 443 U.S. at 146, 99 S.Ct. 2689.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide of analyzing these claims.'" *Albright*, 510 U.S. at 273, 114 S.Ct. 807, 813 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989)). "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier,* 520 U.S. 259, 272, n. 7, 117 S.Ct. 1219 (1997).

9

In *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989), the U.S. Supreme Court determined that section 1983 excessive force claims are addressed under the Fourth Amendment's reasonableness standard:

> [A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

Defendants are correct, and Mr. Lanier does not dispute, that Mr. Lanier's section 1983 excessive force claims are limited to Fourth Amendment standards to warrant their dismissal to the extent that they based under the Fourteenth Amendment.

**Premature Hospital Discharge**

Defendants argue that the complaint fails to support a section 1983 claim against them in connection with Mr. Lanier's alleged premature hospital discharge. Defendants argue that such claims fail to implicate the Fourth Amendment or the Fourteenth Amendment's Due Process Clause. Defendants point to the absence of facts of defendants' knowledge of Mr. Lanier's "medical condition or authority over his medical care."

"Claims of failure to provide care for serious medical needs, when brought by a detainee . . . who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment." *Lolli v. County of Orange*, 351 F.3d 410, 418-419 (9th Cir. 2003); *see Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002),*cert. denied*, 537 U.S. 1106, 123 S.Ct. 872 (2003). "Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees . . . we apply the same standards in both cases . . ." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"With regard to medical needs, the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'" *Gibson*, 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)). "Under the Eighth Amendment's standard of deliberate

indifference, a person is liable for denying a prisoner needed medical care only if the person 'knows of and disregards an excessive risk to inmate health and safety.'" *Gibson*, 290 F.3d at 1187 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).

The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a [detainee's] pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested when officials "deny, delay or intentionally interfere with medical treatment." *Jett*, 439 F.3d at 1096 (citing *McGuckin* 974 F.2d at 1060 (internal quotations omitted)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Indifference to "medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). Under the deliberate indifference standard, an "official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970 (1994)). "But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a [detainee's] serious medical needs on the basis of either his action or his inaction." *Gibson*, 290 F.3d at 1188 (alteration in original). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060 (9th Cir. 1992).

Defendants argue that the complaint lacks necessary facts that "defendants were subjectively aware of a substantial risk of harm to plaintiff as a result of his discharge from the hospital or that they disregarded said risk." Defendants fault the complaint's "conclusory allegation that defendants

11

improperly influenced or coerced his premature release from medical care." Defendants criticize the lack of clarity "whether plaintiff was even in custody at the time of his hospitalization" and allegations that "defendants had any knowledge that he was at serious risk of medical harm." Defendants continue that Mr. Lanier's hospital release does not demonstrate defendants' knowledge or authority over his medical care or that they acted with deliberate indifference to his serious medical needs.

Mr. Lanier responds that he "understands he was in custody during the entire time he was in the hospital." Mr. Lanier notes that he "is prepared to amend to add allegations clarifying that he was indeed in custody at the time he was wrongfully denied hospitalization" and should be permitted to pursue discovery regarding his denial of hospitalization.

Defendants raise valid points regarding alleged deliberate indifference as to Mr. Lanier's medical care. The complaint concedes that following the shooting, Officers Castillo and Taylor treated Mr. Lanier who was admitted for hospital care. Defendants are correct that Officers Castillo and Taylor's "[m]ere negligence is insufficient for liability." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). This is especially true if the section 1983 claim against Officers Castillo and Taylor is based on perception of a substantial risk by moving Mr. Lanier. Mr. Lanier appears to acknowledge weaknesses in the claim given his willingness to amend. As such, amendment of a deliberate indifference claim based on medical care is in order with consideration of the authorities noted above. This Court does not pass on the allegations of Mr. Lanier's proposed amended complaint which has not been filed and thus not before this Court for evaluation.

**State Claims' Limitations Period**

Defendants contend the state claims are time barred in that Mr. Lanier failed to file his court action within six months of the City's denial of his claim. Mr. Lanier contends that he is entitled to tolling to render the state claims timely.

The Claims Act describes the specific steps which must be taken before a civil action for money or damages may be brought against a public entity. *Addison v. State of California*, 21 Cal.3d 313, 316, 146 Cal.Rptr. 224 (1978). The Claims Act requires timely filing of a proper claim as condition precedent to maintenance of an action. Cal. Gov. Code, §§ 905, 911.2, 945.4 (presentment of a written claim to the applicable public entity is required before a "suit for money or damages may be brought

against a public entity"); *County of San Luis Obispo v. Ranchita Cattle Co.*, 16 Cal.App.3d 383, 390, 94 Cal.Rptr. 73 (1971).  California Government Code section 911.2(a) provides: "A claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action.  A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action."

Subdivision (a)(1) of California Government Code section 945.6 ("section 945.6") requires a claimant to file a civil action within six months after the public agency issues its decision. *Javor v. Taggart*, 98 Cal.App.4th 795, 804, 120 Cal.Rptr.2d 174 (2002).  "The plain meaning of section 945.6, subdivision (a)(1), is that the statute of limitations therein begins to run when the written rejection notice is deposited in the mail to the claimant, or is personally delivered, but not when it is delivered by the postal employee after having been deposited in the mail pursuant to section 913." *Edgington v. County of San Diego*, 118 Cal.App.3d 39, 46, 173 Cal.Rptr. 225 (1981).

The claims procedures applicable to actions against public employees are the same for actions against public entities.  Cal. Gov. Code, §§ 950-950.6.  Compliance with the claims statutes is mandatory. *Farrell v. County of Placer*, 23 Cal.2d 624, 630, 145 P.2d 570 (1944).  Failure to file a claim is fatal to the cause of action. *Johnson v. City of Oakland*, 188 Cal.App.2d 181, 183, 10 Cal.Rptr. 409 (1961).  "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *State v. Superior Court,* 32 Cal.4th 1234*,* 13 Cal.Rptr.3d 534, 538 (2004).  A "plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State v. Superior Court*, 32 Cal.4th at 1243, 13 Cal.Rptr.3d 534 (2004).  "Accordingly, submission of a claim within [six months] is a condition precedent to a tort action against either the employee or the public entity." *Williams v. Horvath*, 16 Cal.3d 834, 838,129 Cal.Rptr. 453 (1976).

Defendants contend that Mr. Lanier's complaint, filed June 21, 2010, more than a year after the City's notice of claim rejection fails to comply with section 945.6(a)(1)'s six-month time limit to file a court action.  Defendants note that California Code of Civil Procedure section 352.1(a)'s tolling for imprisonment does not apply to the state claims. *See* Cal. Code Civ. Proc., § 352.1(b) ("This section does not apply to an action against a public entity or public employee upon a cause of action for which

a claim is required to be presented in accordance with . . . the Government Code."); *Moore v. Twomey*, 120 Cal.App.4th 910, 914, n. 2, 16 Cal.Rptr.3d 163 (2004) ("The statute of limitations for commencing a government tort claim action is not tolled by virtue of a plaintiff's imprisonment.")

Mr. Lanier responds that section 945.6(b) "tolls the running of that six-month limitations period while plaintiff was incarcerated." California Government Code section 945.6(b) provides:

> When a person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in a state prison, the time limit for the commencement of such suit is extended to six months after the date that the civil right to commence such action is restored to such person, except that the time shall not be extended if the public entity establishes that the plaintiff failed to make a reasonable effort to commence the suit, or to obtain a restoration of his civil right to do so, before the expiration of the time prescribed in subdivision (a).

Mr. Lanier appears to contend that he had six months from his February 10, 2010 release from incarceration to file this action to render timely its June 21, 2010 filing.

Mr. Lanier takes exception with the evaluation of section 945.6 in *Moore*, 120 Cal.App.4th at 914, 16 Cal.Rptr.3d 163, n. 2, where the California Court of Appeal questioned section 945.6(b)'s assumption that "a prisoner is unable to commence a government tort claims action because of his imprisonment" to render section 945.6(b) apparently "to lack any continuing vitality." The California Court of Appeal noted that section 945.6(b)'s tolling provision when enacted in 1965 "reflected the fact that prisoners did not then retain the right to initiate civil actions although they could apply for a limited restoration of civil rights." *Moore*, 120 Cal.App.4th at 914, n. 2, 16 Cal.Rptr. 3d 163. The California Court of Appeal pointed out that in 1975, Penal Code section 2601 was added "to provide that prisoners retain the right to initiate civil actions." *Moore*, 120 Cal.App.4th at 914, n. 2, 16 Cal.Rptr. 3d 163.

According to Mr. Lanier, the "California Supreme Court has stated that a court's conclusion that the conditions that give rise to a legislative enactment have changed is not a permitted basis for effectively repealing or suspending that statutory provision." Mr. Lanier points to *Palmero v. Stockton Theaters*, 32 Cal.2d 53, 63, 195 P.2d 1 (1949), where the California Supreme Court explained: "[I]n the absence of a constitutional objection it is generally held that the courts have no right to declare a statute obsolete by reason of a supervening change in the conditions under which it was enacted." "A legislative enactment is not repealed by time or changed conditions, but only by further legislation."

14

*People v. Statley*, 91 Cal.App.2d Supp. 943, 945 (1949).

Mr. Lanier argues that section 945.6(b) "is not constitutionally offensive, and has not been repealed by the Legislature." Mr. Lanier attacks the "precedential" and "persuasive" value of *Moore*'s "fleeting footnote" dicta that section 945.6(b) lacks effect given that *Moore* addressed whether under section 945.6, "a prisoner's pro se civil complaint should be deemed filed on the date it is properly delivered to prison officials . . . rather than on the date it is actually filed by the clerk of court." *Moore*, 120 Cal.App.4th at 912, 16 Cal.Rptr.3d 163. In analyzing section 945.6(b), Mr. Lanier challenges defendants to "show that plaintiff failed to make reasonable efforts to commence suit even though he had the right to initiate a suit while incarcerated." Mr. Lanier notes that he is prepared to amend his complaint to address his reasonable but unsuccessful efforts to secure counsel when he was in prison.

Defendants respond that Mr. Lanier's reliance on section 945.6(b) is misplaced in that section 945.6(b) lacks significance "by virtue of Code of Civil Procedure § 352.1(b) and Penal Code § 2601(d)," which maintained Mr. Lanier's "right to commence a civil action . . . despite his incarceration." As such, defendants conclude that Mr. Lanier's "inability to secure an attorney is irrelevant given the fact our judicial system allows individuals, whether incarcerated or not, to commence a civil action without consent."

Despite *Moore*'s logic, this Court is not prepared to unwind section 945.6(b)'s application here. Section 945.6(b) has neither been repealed nor found constitutionally offensive. It remains effective. Whether it continues effective is an issue for the California Legislature. Defendants' dependence on unpublished California appellate decisions fails to convince this Court otherwise. As such, this Court will not ignore section 945.6(b). Nonetheless, an issue remains whether Mr. Lanier reasonably attempted to commence his action during his incarceration. Mr. Lanier would be well served to address this issue in an amended complaint. As noted above, this Court does not pass on the allegations of Mr. Lanier's proposed amended complaint which has not been filed and thus not before this Court for evaluation.

## **Medical Treatment**

Defendants further contend that a state law claim based on Mr. Lanier's medical treatment is barred by omission of reference of his medical treatment in his claim submitted to the City. Mr. Lanier

responds that the theory of improper medical treatment "was specifically mentioned in his Government Tort Claim," which "put defendants on notice of all the essential facts upon which his various civil rights and common law causes of action are based."

California Government Code section 910 addresses the content of a government claim and requires the "date, place and other circumstances of the occurrence . . . which gave rise to the claim" and a "general description" of the "injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim." The Claims Act bars "actions alleging matters not included in the claim filed with the public entity." *State of California ex rel Dept. of Transportation v. Superior Court,* 159 Cal.App.3d 331, 336, 205 Cal.Rptr. 518 (1984). The California Court of Appeal has further explained:

> If a plaintiff relies on more than one theory of recovery against the [governmental agency], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer [or dismissal] if it alleges a factual basis for recovery which is not fairly reflected in the written claim.

*Fall River Joint Unified School Dist. v. Superior Court*, 206 Cal.App.3d 431, 434, 253 Cal.Rptr. 587 (1998) (brackets in original; citations omitted).

A leading California practice guide provides that "the claimant is not barred from asserting additional legal theories or further details to the facts alleged in the claim, as long as the complaint is predicated on the same fundamental actions or failures to act by the persons and at the times specified in the claim." Weil & Brown, *Cal. Practice Guide: Civil Procedure Before Trial* (2010) Prelawsuit Considerations, para. 1:702, p. 1-156.6.

The California claims statutes are designed to protect governmental agencies from stale and fraudulent claims, to provide an opportunity for timely investigation, and to encourage settling meritorious claims. *Johnson v. San Diego Unified School Dist.*, 217 Cal.App.3d 692, 697, 266 Cal.Rptr. 187 (1990). Since the claims statutes should not be used as traps for the unwary when their underlying purposes have been satisfied, courts employ a test of substantial compliance, rather than strict compliance, in determining whether the plaintiff has met the filing requirements of the Tort Claims Act. *Johnson*, 217 Cal.App.3d at 697, 266 Cal.Rptr. 187.

Nonetheless, substantial compliance doctrine "cannot cure total omission of an essential element

from the claim or remedy a plaintiff's failure to comply meaningfully with the statute." *Loehr v. Ventura County Community College Dist.,* 147 Cal.App.3d 1071, 1083, 195 Cal.Rptr. 576 (1983). "The test for substantial compliance is whether the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation." *Connelly v. County of Fresno*, 146 Cal.App.4th 29, 38, 52 Cal.Rptr.3d 720 (1988).

Mr. Lanier takes solace that his claim submitted to the City mentioned that Officer Castillo "dragged me across the floor of the cafeteria" to place defendants on notice that Mr. Lanier would pursue "claims for inadequate or inappropriate attention to his urgent medical needs." Mr. Lanier explains that the "claim for police misconduct, including dragging the critically wounded plaintiff across a floor (and outside) put defendants on notice of facts implicating all applicable civil rights statutes and common law tort theories."

Defendants are correct that Mr. Lanier's claim submitted to the City fails to address denial of medical treatment or premature hospital release to place defendants on sufficient notice that Mr. Lanier pursued such theories. References to dragging address alleged misconduct near the time of arrest, not down the road after Mr. Lanier received medical treatment. Dragging Mr. Lanier does not touch on fundamental actions or failures as to medical care. Mr. Lanier's claim to the City at most addresses "training" and "excessive force." The claim is silent as to medical treatment to warrant dismissal of the complaint's negligence claim to the extent it is based on defendants' medical treatment or involvement with Mr. Lanier's hospital care.

**Absence Of Duty**

Defendants further fault in absence of a cognizable duty a negligence claim against Officers Castillo and Taylor as to Mr. Lanier's medical care or premature hospital discharge. Mr. Lanier fails to challenge defendants on this point.

The elements of negligence are (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917, 50 Cal.Rptr.2d 309 (1996). "Liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member." *J'Aire Corp. v. Gregory,* 24 Cal.3d 799, 803, 157 Cal.Rptr. 407 (1979). A duty to the

plaintiff is an essential element, which "may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 985, 25 Cal.Rptr.2d 550 (1993).

The complaint lacks facts to support Officer Castillo and Taylor's duties as to Mr. Lanier's medical care to further warrant dismissal of the negligence claim to the extent it is based on Mr. Lanier's medical care.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES dismissal of the section 1983 claims on grounds that they are time barred;
2. DISMISSES with prejudice section 1983 excessive force claims to the extent based on the Fourteenth Amendment;
3. DISMISSES with leave to amend section 1983 deliberate indifference claims regarding Mr. Lanier's medical care;
4. DENIES dismissal of the state claims as time barred;
5. DISMISSES with prejudice the negligence claim to the extent it is based on medical care or premature hospital discharge;
6. ORDERS Mr. Lanier, no later than October 22, 2010, to file a first amended complaint to conform with this order; and
7. ORDERS defendants, no later than November 5, 2010, to file papers to respond to Mr. Lanier's first amended complaint.

IT IS SO ORDERED.

**Dated:     October 8, 2010**                              **/s/ Lawrence J. O'Neill**
                                                                                      UNITED STATES DISTRICT JUDGE