IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID LANIER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF FRESNO, et al,<br><br>　　　　Defendants.<br>_____/ | CASE NO. CV F 10-1120 LJO SKO<br><br>**ORDER ON DEFENDANT FRESNO COUNTY'S F.R.Civ.P. 12 MOTION TO DISMISS**<br>(Doc. 16.) |

## INTRODUCTION

Defendant Fresno County ("County") seeks to dismiss plaintiff Khalid Lanier's ("Mr. Lanier's") premature hospital release claims as lacking sufficient facts and state law claims as time barred. Mr. Lanier responds that his claims are timely and adequately pled. This Court considered the County's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the October 14, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES Mr. Lanier's claims against the County.

## BACKGROUND[1]

### Mr. Lanier's Shooting

During the late afternoon of June 20, 2008, Mr. Lanier, who is black, drove on a Fresno freeway

---

[1] The factual recitation is derived generally from Mr. Lanier's operative Complaint for Damages ("complaint").

1

a sedan which he did not know had been stolen by his girlfriend and passenger, Carol Schumann ("Ms. Schumann"). Mr. Lanier became aware of a police siren to pull him over. Ms. Schumann informed Mr. Lanier that she had stolen the car and possessed a firearm. Mr. Lanier exited the freeway and drove near a retirement home where he parked.

Mr. Lanier remained peaceably in the car and placed his arms visibly atop the steering wheel to surrender peaceably. Defendant City of Fresno ("City") police officers Alfonso Castillo ("Officer Castillo") and Stephen Taylor's ("Officer Taylor's") squad car collided the front driver's side of Mr. Lanier's car at a high rate of speed. Mr. Lanier fled from his vehicle to avoid the squad car's crashing into the driver's side of Mr. Lanier's car.

Officer Castillo followed Mr. Lanier into the retirement home where Mr. Lanier attempted to surrender. Officer Castillo shot Mr. Lanier in the back with Officer Castillo's 10 mm handgun although Mr. Lanier posed no threat of death or serious physical harm to anyone and lacked possession of a weapon.

Officers Castillo and Taylor moved Mr. Lanier to an outdoor courtyard[2] where Mr. Lanier was subjected to "suffocating heat" and improperly treated for his serious wounds and collapsed lung.

Mr. Lanier was treated at Fresno Community Medical Center and prematurely discharged "after about seven days."[3]

Mr. Lanier was incarcerated during December 2008 to his February 10, 2010 release.

### Mr. Lanier's Government Claim

Pursuant to the California Government Claims Act ("Claims Act"), Cal. Gov. Code, §§ 810, et seq., Mr. Lanier submitted his December 17, 2008 claim to the City. The County notes that Mr. Lanier filed with the County neither a claim nor application for leave from Claims Act filing requirements.

### Mr. Lanier's Claims In This Action

On June 21, 2010, Mr. Lanier filed with this Court his complaint to allege that the County and Doe defendant County Sheriff's Department personnel "improperly acted to obtain Plaintiff's premature

---

[2] In his opposition papers, Mr. Lanier claims that Officers Castillo and Taylor drug him.

[3] In his opposition papers, Mr. Lanier claims that "he was surgically operated upon for gunshot wounds, damage to his liver and spleen, rib cage damage, and other injuries" and "almost dead."

discharge from the hospital, or authorized, ratified, or contributed to such conduct." The complaint further accuses the County of "deliberate acts, reckless conduct, and negligence in failing to train, supervise, discipline and/or investigate complaints and/or charges against . . . COUNTY OF FRESNO Sheriff Office personnel."

Only the complaint's (second) 42 U.S.C. § 1983 ("section 1983") *Monell* claim specifically names the County as a defendant. The *Monell* claim accuses the County of "deliberate indifference" in failing "to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees" and "to use adequate hiring procedures." The *Monell* claim alleges that the "unconstitutional actions and/or omissions" of Doe defendant County personnel "were ordered, approved, tolerated, authorized, directed, and/or ratified by the policy making officers of the COUNTY OF FRESNO Sheriffs Office and the COUNTY OF FRESNO."[4]

The complaint primarily targets Officers Castillo and Taylor and Doe defendants and alleges against them:

1. A (first) section 1983 claim that Officers Castillo and Taylor deprived Mr. Lanier's "rights and privileges under the Fourth Amendment and the Fourteenth Amendment";

2. A (third) battery claim that Officers Castillo and Taylor "intentionally caused offensive contact" with Mr. Lanier's person;

3. A (fourth) negligence claim that Officers Castillo and Taylor "used violent and excessive force" against Mr. Lanier and failed to use due care "in handling him after he was needlessly shot in the back" and in improperly obtaining Mr. Lanier's premature hospital discharge;

4. A (fifth) California Civil Code section 51.7 claim that Officers Castillo and Taylor "used violence and intimidation by threat of violence against Plaintiff because of his race or ethnicity"; and

5. A (sixth) California Civil Code section 52.1 claim that Officers Castillo and Taylor

---

[4] The *Monell* claim makes similar allegations against the City and specifically alleges that the City "with deliberate indifference" failed to adequately train, supervise and direct its officers and to use adequate hiring procedures and that City policy making officers ordered, authorized and/or ratified Officers Castillo and Taylor's conduct.

interfered with Mr. Lanier's rights under the Fourth and Fourteenth Amendments and California Constitution and laws.[5]

The complaint seeks punitive damages and recovery for Mr. Lanier's physical injury, emotional distress and attorney fees.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

The County seeks to dismiss the premature hospital release *Monell* claim as lacking sufficient facts and the state claims as time barred.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways

---

[5] The complaint's third through sixth claims will be referred to collectively as the "state claims."

that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a

> context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their

/ / /

/ / /

/ / /

claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[6] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). A court properly may take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

With these standards in mind, this Court turns to the County's challenges to the *Monell* and state claims.

## Premature Hospital Discharge

The County argues that purported premature hospital discharge fails to invoke the Fourth Amendment or the Fourteenth Amendment's Due Process Clause to support a *Monell* claim. The County faults the complaint's lack of facts that the County had "knowledge" of Mr. Lanier's medical condition or "authority" over his medical care.

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988).

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright*, 510 U.S. at 271, 114 S.Ct. 807, 811 (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042

---

[6] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

(1978) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 996 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140, 99 S.Ct. 2689 (1979). Stated differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271, 114 S.Ct. at 811. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker*, 443 U.S. at 146, 99 S.Ct. 2689.

"Claims of failure to provide care for serious medical needs, when brought by a detainee . . . who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment." *Lolli v. County of Orange*, 351 F.3d 410, 418-419 (9th Cir. 2003); *see Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). "Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees . . . we apply the same standards in both cases . . ." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"With regard to medical needs, the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'" *Gibson*, 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)). "Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person 'knows of and disregards an excessive risk to inmate health and safety.'" *Gibson*, 290 F.3d at 1187 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).

The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a [detainee's] pain

or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested when officials "deny, delay or intentionally interfere with medical treatment." *Jett*, 439 F.3d at 1096 (citing *McGuckin* 974 F.2d at 1060 (internal quotations omitted)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Indifference to "medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). Under the deliberate indifference standard, an "official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a [detainee's] serious medical needs on the basis of either his action or his inaction." *Gibson*, 290 F.3d at 1188 (alteration in original). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060 (9th Cir. 1992).

The County challenges the complaint's absence of facts to demonstrate that the County "was subjectively aware of a substantial risk of harm to plaintiff as a result of his release from the hospital or that they disregarded said risk." The County faults the complaint's "conclusory allegation that defendants improperly influenced or coerced his premature release from medical care." The County criticizes the lack of clarity "whether plaintiff was even in custody at the time of his hospitalization" and allegations that the County "had any knowledge that he was at serious risk of medical harm." The County continues that Mr. Lanier's hospital release does not demonstrate the County's knowledge or authority over his medical care or that the County acted with deliberate indifference to his serious medical needs.

Mr. Lanier responds that he "understands he was in custody during the entire time he was in the hospital." Mr. Lanier notes that he "is prepared to amend to add allegations clarifying that he was indeed in custody at the time he was wrongfully denied hospitalization" and should be permitted to pursue discovery regarding his denial of hospitalization.

The County raises valid points regarding alleged deliberate indifference as to Mr. Lanier's medical care. A mere allegation that Mr. Lanier was released seven days after his shooting fails to establish the County's deliberate indifference to Mr. Lanier's serious medical needs. Mr. Lanier appears to acknowledge weaknesses in the claim given his willingness to amend. As such, amendment of a deliberate indifference claim based on medical care is in order with consideration of the authorities noted above. This Court does not pass on the allegations of Mr. Lanier's proposed amended complaint which has not been filed and thus is not before this Court for evaluation.

### State Claims Limitations Period

The County contends that the state claims are time barred in that Mr. Lanier failed to submit to the County a Claims Act claim. Although the state claims do not specifically name the County as a defendant, the County appears to presume that the state claims are against it. Mr. Lanier does not specifically address the County's points. As such, this Court construes Mr. Lanier's silence as his concession that he did not pursue a Claims Act claim against the County.

The Claims Act describes the specific steps which must be taken before a civil action for money or damages may be brought against a public entity. *Addison v. State of California*, 21 Cal.3d 313, 316, 146 Cal.Rptr. 224 (1978). The Claims Act requires timely filing of a proper claim as condition precedent to maintenance of an action. Cal. Gov. Code, §§ 905, 911.2, 945.4 (presentment of a written claim to the applicable public entity is required before a "suit for money or damages may be brought against a public entity"); *County of San Luis Obispo v. Ranchita Cattle Co.*, 16 Cal.App.3d 383, 390, 94 Cal.Rptr. 73 (1971). California Government Code section 911.2(a) provides: "A claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action." California Government Code section 911.4(a) permits a "written application" to a public entity for leave to present an untimely claim. California Government Code section 911.4(b) requires such application "within a reasonable time not to exceed one year after the accrual of the action."

The claims procedures applicable to actions against public employees are the same for actions against public entities. Cal. Gov. Code, §§ 950-950.6. Compliance with the claims statutes is

mandatory. *Farrell v. County of Placer*, 23 Cal.2d 624, 630, 145 P.2d 570 (1944). Failure to file a claim is fatal to the cause of action. *Johnson v. City of Oakland*, 188 Cal.App.2d 181, 183, 10 Cal.Rptr. 409 (1961). "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer [or dismissal] for failure to state a cause of action." *State v. Superior Court,* 32 Cal.4th 1234*,* 13 Cal.Rptr.3d 534, 538 (2004). A "plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State v. Superior Court*, 32 Cal.4th at 1243, 13 Cal.Rptr.3d at 534. "Accordingly, submission of a claim within [six months] is a condition precedent to a tort action against either the employee or the public entity." *Williams v. Horvath*, 16 Cal.3d 834, 838,129 Cal.Rptr. 453 (1976).

The County correctly notes that the complaint fails to allege facts that Mr. Lanier filed a Claims Act claim with the County or facts to excuse such failure. The County is also correct that an application for leave of the Claims Act requirements is untimely given that Mr. Lanier's claims accrued more than two years ago. Mr. Lanier's state claims are time barred as to the County.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with leave to amend as to the County the section 1983 *Monell* deliberate indifference claims regarding Mr. Lanier's medical care;
2. DISMISSES with prejudice the state claims to the extent they are alleged against the County;
3. ORDERS Mr. Lanier, no later than October 22, 2010, to file a first amended complaint to conform with this order; and
4. ORDERS defendants, no later than November 5, 2010, to file papers to respond to Mr. Lanier's first amended complaint.

IT IS SO ORDERED.

**Dated:    October 8, 2010**              /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE