# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID LANIER, | CASE NO. CV F 10-1120 LJO SKO |
| Plaintiff, | **ORDER ON RECONSIDERATION MOTION** (Doc. 34.) |
| vs. | |
| CITY OF FRESNO, et al, | |
| Defendants. / | |

## INTRODUCTION

Plaintiff Khalid Lanier ("Mr. Lanier") seeks reconsideration as clear error the dismissal of his California Civil Code section 52.1 ("section 52.1") claim arising from defendant City of Fresno ("City") police officer Alfonso Castillo's ("Officer Castillo's") alleged interference with Mr. Lanier's legal rights during Officer Castillo's arrest of Mr. Lanier. Officer Castillo responds that Mr. Lanier's operative First Amended Complaint for Damages ("FAC") fails to allege sufficient facts to support a section 52.1 claim to warrant denial of reconsideration. This Court considered Mr. Lanier's reconsideration motion on the record and VACATES the January 20, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES Mr. Lanier reconsideration of the section 52.1 claim's dismissal.

## BACKGROUND
### Summary Of Factual Allegations

The FAC alleges that during the late afternoon of June 20, 2008, Mr. Lanier, who is black, drove on a Fresno freeway a sedan which he did not know had been stolen by his girlfriend and passenger, Carol Schumann ("Ms. Schumann"). Mr. Lanier became aware of a police siren to pull him over. Ms.

1  Schumann informed Mr. Lanier that she had stolen the car and possessed a firearm. Mr. Lanier exited
2  the freeway and drove near a retirement home where he parked.
3      Mr. Lanier remained in the car and placed his arms visibly atop the steering wheel to surrender
4  peaceably. Officer Castillo headed his squad car to the front driver's side of Mr. Lanier's car at a high
5  rate of speed. Mr. Lanier perceived that Officer Castillo intended to drive the squad car directly into Mr.
6  Lanier. Mr. Lanier fled from his vehicle to avoid the squad car's crashing into the driver's side of Mr.
7  Lanier's car.
8      Officer Castillo followed Mr. Lanier into the retirement home where Mr. Lanier attempted to
9  surrender in a small unoccupied cafeteria. Officer Castillo shot Mr. Lanier in the back multiple times
10 with Officer Castillo's 10 mm handgun although Mr. Lanier posed no threat of death or serious physical
11 harm to anyone and lacked a weapon.

**Mr. Lanier's Section 52.1 Claim**

13     The FAC's (sixth) claim alleges violation of California's Bane Act, section 52.1. More
14 specifically, the section 52.1 claim alleges that Officer Castillo and defendant City police officer Stephen
15 Taylor ("Officer Taylor") "interfered with Plaintiff's rights and privileges secured under the Fourth
16 Amendment and Fourteenth Amendment to the United States Constitution, and the laws of the State of
17 California and the California Constitution."
18     This Court's December 8, 2010 order ("December 8 order") dismissed the section 52.1 claim in
19 that:

20     The FAC lacks facts that Officers Castillo and Taylor engaged in conduct
       commensurate with a hate crime. No allegations support that Officers Castillo and
21     Taylor interfered or attempted to interfere by threats, intimidation or coercion with
       "exercise or enjoyment" of rights secured by the U.S. and California Constitutions and
22     laws. For a section 52.1 claim, the FAC alleges no more than Mr. Lanier's fleeing from
       a stolen car and Officer Castillo's pursuit and shooting. Mr. Lanier's claims of excessive
23     force do not translate into a section 52.1 claim.

24     Mr. Lanier takes issue with dismissal of the section 52.1 claim against Officer Castillo.

**DISCUSSION**

**Reconsideration Standards**

27     Mr. Lanier contends that dismissal of the section 52.1 claim against Officer Castillo is clear error
28 in that section 52.1 "is not a hate crimes statute" and requires only a showing "that a legal right of

Plaintiff's was interfered with through use of force."

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in

the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

With these standards in mind, this Court turns to whether it committed clear error to dismiss the section 52.1 claim against Officer Castillo.

### Section 52.1 Civil Action For Protection Of Rights

Section 52.1 addresses civil actions for protection of rights and remedies for violations of protected rights:

> (a) If a person or persons, whether or not acting under color of law, interferes **by threats, intimidation, or coercion**, or attempts to interfere **by threats, intimidation, or coercion**, with the exercise or enjoyment by any individual or individuals of **rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state**, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. . . .
>
> (b) Any individual whose **exercise or enjoyment of rights** secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, **as described in subdivision (a)**, may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages . . . (Bold added.)

"Section 52.1(b) provides a cause of action to any person who has been denied rights under the laws of California." *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1289, n. 13 (9th Cir. 2001). The necessary elements for a section 52.1 claim are: "(1) defendants interfered with plaintiff's constitutional rights by threatening or committing violent acts; (2) that plaintiff reasonably believed that if she exercised her constitutional rights, defendants would commit violence against her property; (3) plaintiff was harmed; and (4) defendants' conduct was a substantial factor in causing plaintiff's harm." *Tolosko-Parker v. County of Sonoma*, 2009 WL 498099, at *5 (N.D. Cal. 2009).

The Ninth Circuit Court of Appeals has described section 52.1 and similar California Civil Code sections 51.7 and 52(b) as "not 'hate crimes' statutes." *Winarto*, 274 F.3d at 1289. "[T]here is no requirement that the violence be extreme or motivated by hate in the plain language of the sections, or in the cases construing them; there is also no requirement that the act constitute a crime." *Winarto*, 274 F.3d at 1289. Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844 (1998). "[N]othing in Civil Code section 52.1 requires any showing of actual intent to discriminate." *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 842, 87 P.3d 1 (2004).

"Section 52.1 of the Civil Code guarantees the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state without regard to his or her membership in a protected class identified by its race, color, religion, or sex, among other things." *Venegas*, 32 Cal.4th at 841, 87 P.3d 1. Section 52.1's benefits are not restricted "to persons who are actual or perceived members of a protected class. Such an interpretation could have anomalous results, permitting or disallowing recovery based solely on the defendant's perceptions of the plaintiff's protected status." *Venegas*, 32 Cal.4th at 842-843, 87 P.3d 1.

Although section 52.1 was adopted "to stem a tide of hate crimes," *Jones*, 17 Cal.4th at 338, 70 Cal.Rptr.2d 844, section 52.1 is not limited to such crimes and does not require plaintiffs to demonstrate "an actual hate crime," *Venegas*, 32 Cal.4th at 843, 87 P.3d 1. Nonetheless, "section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right." *Venegas*, 32 Cal.4th at 707, 87 P.3d 1. "[I]n pursuing relief for those constitutional violations under section 52.1, plaintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion." *Venegas*, 32 Cal.4th at 708, 87 P.3d 1. A defendant is liable under section 52.1 "if he or she interfered with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." *Austin B. v. Escondido Union School Dist.*, 149 Cal.App.4th 860, 882, 57 Cal.Rptr.3d 454 (2007).

The gist of Mr. Lanier's position is that the FAC alleges that Officer Castillo violated Mr. Lanier's rights under the Fourth Amendment and California Constitution and in turn section 52.1. Mr. Lanier argues that a section 52.1 claim exists when "a peace officer simply violates that citizen's right to be free from an unreasonable search and seizure under the California Constitution, Article I, Section 13." Mr. Lanier contends that the FAC alleges a valid section 52.1 claim with facts that Mr. Lanier twice attempted to peaceably surrender and that deadly force, and the threat of deadly force, was used against him without justification to violate rights under the U.S. and California constitutions "to be free from unreasonable search and seizure by use of excessive force." Mr. Lanier continues that an allegation that "a peace officer violates any legal right of a citizen by use of force" establishes a section 52.1 claim. Mr. Lanier concludes that "the question whether [Officer Castillo] was justified in using deadly force under the facts alleged" constitutes a violation under section 52.1 in addition to 42 U.S.C. § 1983 ("section 1983").

Officer Castillo faults the FAC's absence of facts that Mr. Lanier reasonably believed that Officer Castillo intended to prevent Mr. Lanier's exercise of rights. Officer Castillo notes that he was entitled to "use reasonable force to make an arrest, prevent escape or overcome resistance." *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273, 74 Cal.Rptr.2d 614(1998). Officer Castillo argues that Mr. Lanier's seizure was reasonable and based on probable cause since the FAC concedes that Mr. Lanier drove a stolen vehicle. "Section 52.1 is only applicable when a defendant intends by his or her conduct to interfere with a separate, affirmative right enjoyed by a plaintiff; it does not apply to a plaintiff's allegation of use of excessive force absent a showing that the act was done to interfere with a separate state or federal constitutional right." *Justin v. City and County of San Francisco*, 2008 WL 1990819, at *9 (N.D. Cal. 2008) (citing *Jones*, 17 Cal.4th at 334, 70 Cal.Rptr.2d 844).

Mr. Lanier responds that he need not allege that he reasonably believed that Officer Castillo's actions were intended to prevent Mr. Lanier's exercise of legal rights in that such "element is only imposed where plaintiff alleges his rights were interfered with by coercion or threats expressed by speech alone." Mr. Lanier notes that the FAC alleges intentional acts to deprive Mr. Lanier's rights. Mr. Lanier construes the FAC to allege that Officer's use of excessive, deadly force when Mr. Lanier attempted to surrender exhibited knowing and intentional interference with Mr. Lanier's legal rights

because Officer Castillo "had no reason to believe Plaintiff posed any danger."

This Court agrees with Mr. Lanier that section 52.1 creates "civil liability which sweeps more broadly than the common, colloquial meaning of the phrase 'hate crime.'" *Winarto*, 274 F.3d at 1289. The December 8 order incorrectly referenced "conduct commensurate with a hate crime."

Nonetheless, Mr. Lanier's section 52.1 claim requires misconduct with accompanying threats, intimidation or coercion. The FAC lacks such requisite facts. Although the FAC alleges facts that Officer Castillo interfered with Mr. Lanier's Fourth Amendment rights, there are no allegations that Officer Castillo did so with threats, intimidation or coercion or interfered with rights separate from those under the Fourth Amendment. The FAC's allegations of excessive force do not equate to section 52.1 threats, intimidation or coercion despite Mr. Lanier's alleged lack of a threat. Officer Castillo is correct that the FAC lacks factual allegations that Office Castillo "by his actions, intended to interfere with a separate constitutional right" of Mr. Lanier. Mr. Lanier points to no pertinent legal authority that a mere Fourth Amendment violation supports a section 52.1 claim. FAC's section 52.1 claim, as depicted by Mr. Lanier, merely duplicates his section 1983 excessive force claim. The December 8 order correctly noted the limited allegations of Mr. Lanier's fleeing a stolen car and Officer's Castillo's shooting. Mr. Lanier is not entitled to reconsideration of dismissal of the section 52.1 claim as to Officer Castillo. Moreover, Mr. Lanier was granted a previous attempt to amend his claims and fails to identify grounds or purported facts to revive a section 52.1 claim.

### Battery And Negligence Claims Against Officer Castillo

Mr. Lanier notes that the December 8 order mistakenly referenced dismissal of the FAC's battery and negligence claims against Officer Castillo. Mr. Lanier is correct. Defendants sought dismissal of the battery and negligence claims as to Officer Taylor only. The claims remain as to Officer Castillo. The December 8 order's footnote 5 should read: "Based on the dismissals, Mr. Lanier is limited to a remaining section 1983 excessive force claim against Officer Castillo **and battery and negligence claims against Officer Castillo**."

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES reconsideration of dismissal of the section 52.1 claim against Officer Castillo;

1  and

2. CORRECTS the December 8 order to the effect that the battery and negligence claims remain against Officer Castillo.

IT IS SO ORDERED.

Dated:     January 18, 2011                     /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE