IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID LANIER, | CASE NO. CV F 10-1120 LJO SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND TO AMEND COMPLAINT** |
| vs. | (Doc. 45.) |
| ALFONSO CASTILLO, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Khalid Lanier ("Mr. Lanier") seeks relief from judgment in favor of the City of Fresno ("City") upon its dismissal and to amend Mr. Lanier's operative complaint to add a California vicarious liability claim against the City. The City responds that Mr. Lanier has failed to establish his counsel's excusable neglect to support his requested relief. This Court considered Mr. Lanier's F.R.Civ.P. 60(b) motion for relief from judgment and F.R.Civ.P. 15(a)(2) motion to amend on the record and VACATES the March 28, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES Mr. Lanier's motion for relief from judgment and to amend his complaint.

**BACKGROUND**

**Summary Of Factual Allegations**[1]

Mr. Lanier proceeds on his FAC to allege that during the late afternoon of June 20, 2008, Mr. Lanier, who is black, drove on a Fresno freeway a sedan which he did not know had been stolen by his girlfriend and passenger, Carol Schumann ("Ms. Schumann"). Mr. Lanier became aware of a police siren to pull him over. Ms. Schumann informed Mr. Lanier that she had stolen the car and possessed a firearm. Mr. Lanier exited the freeway and drove near a retirement home where he parked.

Mr. Lanier remained in the car and placed his arms visibly atop the steering wheel to surrender peaceably. Officer Castillo headed his squad car to the front driver's side of Mr. Lanier's car at a high rate of speed. Mr. Lanier perceived that Officer Castillo intended to drive the squad car directly into Mr. Lanier. Mr. Lanier fled from his vehicle to avoid the squad car's crashing into the driver's side of Mr. Lanier's car.

Officer Castillo followed Mr. Lanier into the retirement home where Mr. Lanier attempted to surrender in a small unoccupied cafeteria. Officer Castillo shot Mr. Lanier in the back multiple times with Officer Castillo's 10 mm handgun although Mr. Lanier posed no threat of death or serious physical harm to anyone and lacked a weapon.

**This Court's Proceedings**

Mr. Lanier's original complaint, filed on June 21, 2010, alleged against Officer Castillo 42 U.S.C. § 1983 ("section 1983") excessive force and deliberate indifference to medical needs claims as well as California common law and statutory claims, including negligence. The original complaint alleged against the City a section 1983 inadequate hiring claim but did not include a California vicarious liability claim against the City. This Court's October 8, 2010 order dismissed several claims and granted Mr. Lanier leave to file the FAC.

The FAC alleges claims similar to those of Mr. Lanier's original complaint and did not include a California vicarious liability claim against the City. This Court's December 8, 2010 order ("December

---

[1] The factual summary is derived generally from Mr. Lanier's operative First Amended Complaint for Damages ("FAC"). Defendant City police officer Alfonso Castillo ("Officer Castillo") offers a much different version of events which this Court need not address to consider Mr. Lanier's motion for relief from judgment and motion to amend.

8 order") dismissed all claims against the City and certain claims against Officer Castillo. A December 9, 2010 judgment was entered in the City's favor. The December 8 order incorrectly noted that "Mr. Lanier is limited to a remaining section 1983 excessive force claim against Officer Castillo" in that the December 8 order did not dismiss battery and negligence claims against Officer Castillo.

On December 17, 2010, Mr. Lanier filed a motion to reconsider dismissal of the FAC's claim under California Civil Code section 52.1 ("section 52.1") against Officer Castillo and to correct the suggestion that the battery and negligence claims against Officer Castillo had been dismissed. This Court's January 18, 2011 order ("reconsideration order") corrected the December 8 order's erroneous suggestion and explained that the FAC's claims were limited to section 1983 excessive force and common law battery and negligence against Officer Castillo. The reconsideration order denied reinstatement of the section 52.1 claim against Officer Castillo.

U.S. Magistrate Judge Sheila Oberto conducted a February 3, 2011 scheduling conference and issued a February 4, 2011 scheduling order ("scheduling order") to set discovery, motion and trial dates, including a March 31, 2011 deadline to file a motion to amend pleadings.

David Helbraun ("Mr. Helbraun"), Mr. Lanier's counsel claims that when prepared the reconsideration motion, he realized that he "had inadvertently failed to label a separate count for Plaintiff's state law cause of action for respondeat superior vicarious liability against the City." As such, Mr. Helbraun on February 25, 2011 filed Mr. Lanier's papers to seek, in effect, to vacate the judgment in the City's favor and to file a proposed Second Amended Complaint for Damages ("proposed SAC") to add a fourth claim for respondeat superior vicarious liability that the City is vicariously liable for Officer Castillo's "various negligent acts."

### **F.R.Civ.P. 60(b) MOTION FOR RELIEF OF JUDGMENT**

### **F.R.Civ.P. 60(b) Standards**

F.R.Civ.P. 60(b)(1) permits relief from final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." F.R.Civ.P. 60(b) relief is not a matter of right and rests in the trial court's sound discretion. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997); *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 14 (1st Cir. 1994); *see Carter v. United States*, 973 F.2d 1479, 1489 (9th Cir. 1992). F.R.Civ.P. 60(b) relief may be granted "only upon an adequate showing of

1 exceptional circumstances." *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997); *Massengall v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *United States v. Bank of New York*, 14 F.3d 756, 757 (2nd Cir. 1994).

A motion for F.R.Civ.P. 60(b)(1) relief "must be made within a reasonable time . . . no more than a year after entry of the judgment or order." F.R.Civ.P. 60(c)(1).

"[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).

Mr. Lanier pursues the "excusable neglect" avenue for his requested relief. Excusable neglect "covers negligence on the part of counsel." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). "[D]etermination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223-1224 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993)). Although not an "explicit" factor, prejudice to the movant should be considered when appropriate. *Lemoge v. U.S.*, 587 F.3d 1188, 1195 (9th Cir. 2009).

In his declaration, Mr. Helbraun explains:

> It was only after receiving the court's December 8 Order and preparing the Motion for Reconsideration that I realized I had inadvertently failed to label a separate count for Plaintiff's state law cause of action for respondeat superior against the City . . . . In preparing the Motion for Reconsideration, I also realized that I could not even attempt to correct that inadvertent error until I first sought reconsideration of the dismissal of the negligence cause of action against Officer Castillo – that cause of action being the essential predicate to the respondeat superior legal theory.
>
> . . . I inadvertently failed to insert a separate heading and paragraph or two that would call out the separate count, or legal theory, asserted against the City as Officer Castillo's employer. This was an inadvertent error on my part, not any sort of calculated strategy. It was not the result of any ignorance of the law, but rather, of a drafting and editing error.

Mr. Lanier argues that facts to support the City's vicarious liability "have always been present in the pleading," including facts of Officer Castillo's City employment, conduct committed within the course and scope of employment, negligence, and Mr. Lanier's damages. The City responds that failure

to allege its vicarious liability in the original complaint and FAC "does not constitute excusable neglect."

**Prejudice To The City And Mr. Lanier**

Mr. Lanier contends that his requested relief would result in minimal prejudice to the City given the recent scheduling conference, absence of defense discovery, and the March 31, 2011 deadline to file a motion to amend pleadings. Mr. Lanier explains that the proposed SAC alleges neither new facts, circumstances nor injuries in that vicarious liability is derivative of Officer Castillo's liability. *See* Cal. Gov. Code, § 815.2. Mr. Lanier claims "no change in the theory of the case, only the addition of a vicarious liability claim." Mr. Lanier notes that discovery will not be expanded given the City's limited derivative liability and that the City "has always had fair notice" of the nature of the vicarious liability claim.

Mr. Lanier argues that denial of the proposed SAC would result in great prejudice to him due to "losing his right to assert his otherwise timely claim against the City" and to "pursue a judgment against the City." Mr. Lanier claims that without the City as a defendant, his discovery efforts "will be substantially impeded" and "substantially more complicated" in that Mr. Lanier will be required to seek City documents by subpoena rather than by party document requests. Mr. Lanier continues that without the City as a defendant, the jury may believe that Officer Castillo alone will "shoulder the burden of any judgment, and be more reluctant to render an award that would completely make Plaintiff whole."

The City identifies its chief prejudice as needing to file a third motion to dismiss if Mr. Lanier is permitted to pursue a vicarious liability claim against the City. The City appears poised to attack a vicarious claim as untimely and not subject tolling under California Government Code section 945.6(b), which addresses tolling during incarceration. The City points to Mr. Lanier's lack of authority that his discovery will be "hindered" in the City's absence as a defendant given available third-party discovery under F.R.Civ.P. 45. The City notes that its omission as a defendant does not prejudice Mr. Lanier in that it concedes that Officer Castillo acted in the scope of his City employment to bind the City to defend and indemnify him.

The City points to no significant prejudice to it. The City is familiar with this action's issues and Mr. Lanier's claims. The City could easily step back into this action although its need to file another motion to dismiss is a factor in its favor.

5

Likewise, Mr. Lanier points to no significant prejudice to him. Since the City concedes that Officer Castillo acted in the scope of his employment, the City will defend and indemnify him. Mr. Lanier points to no meaningful burden to seek discovery from the City by F.R.Civ.P. 45 subpoena.

In sum, neither the City nor Mr. Lanier demonstrates prejudice to support their respective positions.

**Delay**

Mr. Lanier argues that his requested relief causes no more than minimal delay in that he seeks to file the proposed SAC within the March 31, 2011 deadline to seek amendment of pleadings and no defense discovery has ensued. Mr. Lanier contends that with the City as a defendant, "discovery efforts will proceed more quickly" given the absence of need of subpoenas and potential discovery disputes.

Mr. Lanier points to his counsel Mr. Helbraun's diligence to pursue the proposed SAC by seeking the reconsideration order to reinstate the predicate negligence claim against Officer Castillo and the futility to seek relief from judgment and in turn a vicarious liability claim against the City until the negligence claim against Officer Castillo was restored. Mr. Lanier notes Mr. Helbraun's attempts to secure a stipulation to vacate the judgment against the City and to add a vicarious liability claim against the City and defense counsel's rejection of such a stipulation. Mr. Lanier further points to time required by Mr. Helbraun, a sole practitioner, to conduct research and prepare papers and to attend to other cases, including out-of-state travel for depositions.

The City challenges Mr. Helbraun's near nine-month delay "to address an error which was clear on the face of his original and first amended complaints." The City criticizes Mr. Lanier's focus on the timeliness of his reconsideration motion. The City attributes delay to Mr. Helbraun's "failure to thoroughly review two sets of pleadings."

Mr. Helbraun's delay to pursue a vicarious liability claim against the City is puzzling. He attributes it to "a drafting and editing error," not "ignorance of the law." A drafting or editing error with the original complaint may seem reasonable. However, a continuing error with the FAC is questionable. This Court surmises that Mr. Helbraun did not fully appreciate the absence of the City's vicarious liability until the City's dismissal. Moreover, Mr. Helbraun could have addressed this Court's error regarding the negligence claim against Officer Castillo by simply writing the Court without the need of

formal motion process. Mr. Helbraun's explanations for delay are not entirely reasonable, especially given his bold suggestion that an earlier request to add the City "would not have resulted in the proceedings being substantially further along at this point." The delay factor weighs in the City's favor.

### Bad Faith

Mr. Lanier notes that Mr. Helbraun has not engaged in bad faith given Mr. Helbraun's "admitted inadvertence in failing to enumerate a count against the City." Mr. Lanier characterizes such error as resulting "from negligence and carelessness, not from deviousness or willfulness." Mr. Lanier continues that the City is unable to claim bad faith surprise or ambush in that the "Fresno Police Department" appears in Mr. Lanier's December 17, 2008 claim submitted pursuant to the California Government Claims Act, Cal. Gov. Code, §§ 810, et seq.

The City attributes as "willfulness" Mr. Helbraun's failure to "review two sets of pleadings" prior to their filing to ascertain the absence of a vicarious liability claim against the City. The City contends that Mr. Helbraun was not merely negligent or careless given attorneys' "ethical and professional duty to throughly review all pleadings to ensure their accuracy and the merit of the claims made in those pleadings." The City notes that reasonableness of inadvertence or carelessness wanes with filing multiple complaints. The City points to "bad faith ambush" given Mr. Lanier's delay to pursue an unnecessary claim after the City's dismissal.

The City raises valid points. A claim of reasonable negligence and carelessness is diluted with two complaints lacking a vicarious liability claim against the City. Although this Court is unconvinced that Mr. Lanier engages in "bad faith ambush," this Court questions the legitimacy and in turn reasonableness of claimed negligence and carelessness attributed to inability to include a vicarious liability claim in two complaints. This Court reiterates its point that the City's dismissal highlighted the absence of a vicarious liability claim to create the conjured need to add the City.

The balance of the excusable neglect factors tips in the City's favor to warrant denial of F.R.Civ.P. 60(b)(1) relief for Mr. Lanier.

### F.R.Civ.P. 15(a)(2) MOTION TO AMEND COMPLAINT

### F.R.Civ.P. 15(a)(2) Standards

Mr. Lanier seeks relief under F.R.Civ.P. 15(a)(2), which provides that "a party may amend its

pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Granting or denial of leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996). In exercising discretion, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). F.R.Civ.P. 15 "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

In addressing pleading amendments, the U.S. Supreme Court explained in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

The Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; (4) futility of the proposed amendment; and (5) whether the plaintiff previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984). Denial of a motion to amend a complaint is proper only when the amendment would be clearly frivolous or unduly prejudicial, would cause undue delay, or if a finding of bad faith is made. *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398, 1402 (9th Cir. 1990).

Although "leave to amend should not be granted automatically," the circumstances under which F.R.Civ.P. 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991).) "Justifying reasons must be apparent for denial of a motion to amend." *Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir. 1993).

As discussed below, consideration of the above factors weighs in favor of denial of the proposed SAC.

### Delay/Bad Faith

"[D]elay alone – no matter how lengthy – is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). In *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973), the Ninth Circuit Court of Appeals observed:

> The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy.

Delay in combination with other factors may be sufficient to deny amendment. When "there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Hurn,* 648 F.2d at 1254; *see Morongo v. Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment. 6 Wright, Miller & Kane, *Federal Practice and Procedure* (1990) Amendments Under Rule 15(a), § 1487, p. 651.

### Prejudice

Prejudice to the opposing party is the most critical factor in determining whether to grant leave to amend. *Howey*, 481 F.2d at 1190. Prejudice to the opposing party "carries the greatest weight," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and is the "touchstone of the inquiry," *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187; *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003).

Mr. Lanier and the City note their points in connection with relief from judgment, address the delay, bad faith and prejudice to opponent factors. As discussed above, this Court finds that the balance of the delay, bad faith and prejudice factors tips in the City's favor.

**Futility**

A motion to amend "is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982); *DCD Programs*, 833 F.2d at 186. Denial of leave to file an amended complaint is appropriate where an amendment is futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). An amendment is futile when it lacks legal foundation. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992), *cert. denied*, 509 U.S. 903, 113 S.Ct. 2993 (1993); *Johnson v. District 2 Marine Engineers Beneficial Assoc.*, 857 F.2d 514, 518 (9th Cir. 1988). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul*, 928 F.2d at 843.

Mr. Lanier characterizes as "elementary" the City's vicarious liability. Mr. Lanier relies on California Government Code section 815.2(a), which provides: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against the employee or his personal representative."

The City responds that adding a vicarious liability claim is a nullity and thus futile in that it remains bound to indemnify and defend Officer Castillo.

Given the City's concession that Officer Castillo acted in the scope of his employment, adding the vicarious liability claim offers nothing and would be subject to a City motion to dismiss, which could contribute to delay.

**Prior Amendment**

Mr. Lanier notes that the FAC addressed the need to amend claims other than the City's vicarious liability, which has "never been raised before." Mr. Lanier reiterates that the proposed SAC "merely seeks to correct the inadvertent error of counsel in failing to specify a separate count setting forth the 'respondeat superior' legal theory." Mr. Lanier concludes that he had no "genuine opportunity to amend" to address the City's vicarious liability.

The City responds that Mr. Lanier had a "prior opportunity" to pursue a vicarious liability claim

against the City. The City notes Mr. Lanier's failure to cite authority that barred him to add additional claims with the FAC. The City concludes that Mr. Lanier's failure to earlier add the vicarious liability claim "demonstrates the willful nature of his omission."

Mr. Lanier had two opportunities to include a vicarious liability claim against the City. He attributes the omission of such claim to Mr. Helbraun's negligence and carelessness, the reasonableness of which this Court questions. As explained above, this Court questions the reasonableness of omitting such a claim, especially from the FAC. Mr. Lanier's claim that he is a victim of his own prior pleadings is unavailing. Mr. Lanier's prior opportunity to include a vicarious liability claim against the City further warrants denial for leave to file the proposed SAC.

The balance of the amendment factors tips in the City's favor.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Lanier relief under F.R.Civ.P. 60(b)(1) and 15(a)(2).

IT IS SO ORDERED.

**Dated:   March 22, 2011**                    /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE