# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID LANIER,<br><br>        Plaintiff<br><br>    v.<br><br>CITY OF FRESNO, a municipal entity,<br>POLICE OFFICER ALFONSO CASTILLO,<br>in his individual and official capacities,<br>POLICE OFFICER STEPHEN TAYLOR in<br>his individual and official capacities,<br>COUNTY OF FRESNO, and DOES 1-100,<br>Jointly and Severally,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-01120-LJO-SKO<br><br>**ORDER DENYING WITHOUT<br>PREJUDICE MOTION TO<br>WITHDRAW AS ATTORNEY OF<br>RECORD FOR PLAINTIFF**<br><br>(Docket No. 58) |

## I. INTRODUCTION

On September 26, 2011, counsel for Plaintiff Khalid Lanier ("Plaintiff") filed a motion to withdraw as attorney of record. (Doc. 58.) For the reasons set forth below, the motion to withdraw is DENIED WITHOUT PREJUDICE.

## II. DISCUSSION

The Local Rules ("L.R.") for the U.S. District Court for the Eastern District of California provide specific requirements for the withdrawal of counsel where, as here, the attorney will leave the client in propria persona. (L.R. 182(d).)

1     Local Rule 182(d) provides in pertinent part:

2     Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client <u>in</u> <u>propria</u> <u>persona</u> without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

5 Plaintiff's counsel's motion to withdraw does not comport with the requirements of L.R. 182(d).

6     Although Plaintiff's counsel filed a declaration in support of the motion (Doc. 59), the declaration does not provide "the current or last known address or addresses of the client." (L.R. 182(d).) Further, the declaration fails to explain "the efforts made to notify the client of the motion to withdraw," (<u>Id.</u>), or why Plaintiff is being served at multiple addresses. (Doc. 60, p. 2). While Plaintiff's counsel does provide a certificate of service for the motion to withdraw (Doc. 60), no details regarding "the efforts made to notify" Plaintiff are provided by declaration or affidavit as required under L.R. 182(d).

13     Further, the declaration states that Plaintiff's counsel "advised Plaintiff" that he "wished to withdraw" and "confirmed this in writing to Plaintiff by letter dated September 13, 2011, and subsequently." (Doc. 59, ¶ 9.) However, the sentence ends at that point and Plaintiff's counsel does not set forth what steps he "subsequently" took. Additionally, Plaintiff's counsel does not explain how he initially informed Plaintiff of his desire to withdraw.

18     As Plaintiff's counsel's motion to withdraw fails to meet the requirements of L.R. 182(d), the Court cannot consider the motion at this time. As such, the Plaintiff's counsel's motion to withdraw is DENIED WITHOUT PREJUDICE and the hearing scheduled for November 2, 2011, is VACATED. In the event that Plaintiff's counsel wishes to refile a motion to withdraw that complies with L.R. 182(d) (as well as the notice requirements of L.R. 230), he may do so.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's counsel's Motion to Withdraw as Attorney is DENIED WITHOUT PREJUDICE; and

///

///

2. The November 2, 2011, hearing scheduled on this motion is VACATED.

IT IS SO ORDERED.

**Dated:   October 26, 2011**              /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE