# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID LANIER, | CASE NO. 1:10-cv-01120-LJO-SKO |
| Plaintiff | **ORDER TO SHOW CAUSE WHY PLAINTIFF'S ACTION SHOULD NOT DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS** |
| v. | |
| CITY OF FRESNO, et al. | |
| Defendants. | |
| | **ORDER VACATING THE MARCH 6, 2012, SCHEDULING CONFERENCE** |

## I. INTRODUCTION AND BACKGROUND

On January 19, 2012, the Court issued an order (Doc. 81) continuing the scheduling conference in this action to March 6, 2012, and ordering that Plaintiff Khalid Lanier ("Plaintiff"), currently representing himself in *propria persona*, contact counsel for Defendant Officer Castillo ("Defendant") to meet and confer regarding the issues at question in the scheduling conference, as required pursuant to the Court's Order Setting Mandatory Scheduling Conference (Doc. 5-1). Plaintiff was informed that "[a] party representing himself in *propria persona* is required to comply

with the Federal Rules of Civil Procedure, the Local Rules of this Court, and all Court orders" and that "[t]he Court's Order Setting Mandatory Scheduling Conference, issued on June 22, 2010, requires all parties to meet and confer prior to submitting a joint scheduling report." (Doc. 81, 2:3-11; *see also* Doc. 5-1.) Plaintiff was also ordered to provide the Court and Defendant's counsel with his contact information, including a telephone number. (Doc. 81, p. 2.)

## II. DISCUSSION

On February 28, 2012, Defendant filed a separate scheduling report, indicating that "Plaintiff has failed to meet and confer with Defendant's counsel regarding the joint scheduling order and to provide Defendant's counsel with his contact information." (Doc. 82, 3:11-13.) Plaintiff also failed to provide the Court with his contact information as required in the January 19, 2012, order. (Doc. 81, 2:19-20.) As such, Plaintiff failed to comply with Court's January 19, 2012, order requiring Plaintiff to meet and confer with Defendant's counsel and provide contact information to Defendant's counsel and the Court (Doc. 81). Plaintiff has also failed to comply with the Court's Order Setting Mandatory Scheduling Conference requiring Plaintiff to meet and confer prior to a scheduling conference (Doc. 5-1).

In the Court's January, 19, 2012, order, Plaintiff was cautioned that failure to comply with the Court's order may result in the imposition of sanctions, including dismissal of his action. (Doc. 81, 2:21-22.) Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.1986).

As such, Plaintiff is ORDERED TO SHOW CAUSE as to why this action should not be dismissed for failure to comply with the Court's orders. Plaintiff shall file a response to this order to show cause within twenty-one (21) days of the issuance of this order. **Failure to respond will result in a recommendation that this action be dismissed.**

Further, the scheduling conference, currently set for March 6, 2012, is VACATED.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The scheduling conference, currently set for March 6, 2012, is VACATED; and
2. Plaintiff shall FILE a response to this order to show cause within twenty-one (21) days of the issuance of this order, explaining why this action should not be dismissed for failure to comply with the Court's orders, including providing Plaintiff's contact information.  **Failure to respond will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

**Dated:   February 29, 2012**                   /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE