1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | KHALID LANIER,                          CASE NO. 1:10-cv-01120-LJO-SKO

12 |              Plaintiff,              **FINDINGS AND
                                          RECOMMENDATIONS THAT**
13 | v.                                   **PLAINTIFF'S COMPLAINT BE
                                          DISMISSED**
14 | CITY OF FRESNO, et al.,

15
16 |              Defendants.            **OBJECTIONS DUE: 21 DAYS**

17 | _____/

18 |                        **I.    INTRODUCTION**

19 |        On January 19, 2012, the Court issued an order (Doc. 81) continuing the scheduling

20 | conference in this action to March 6, 2012, and requiring Plaintiff Khalid Lanier ("Plaintiff"),

21 | currently representing himself in *propria persona*, to contact counsel for Defendant Officer Castillo

22 | ("Officer Castillo") to meet and confer regarding the issues at question in the scheduling conference,

23 | as required pursuant to the Court's Order Setting Mandatory Scheduling Conference (Doc. 5-1).

24 |        On February 28, 2012, Officer Castillo filed a separate scheduling report, indicating that

25 | "Plaintiff ha[d] failed to meet and confer with Defendant's counsel regarding the joint scheduling

26 | order and to provide Defendant's counsel with his contact information." (Doc. 82, 3:11-13.)

27 |        On March 1, 2012, the Court issued an order to show cause as to why Plaintiff's action should

28 | not be dismissed for failure to comply with the Court's orders.  (Doc. 83.)  The order to show cause

was served on Plaintiff via U.S. mail on March 1, 2012, and was returned to the Court as undeliverable, unable to forward, on March 12, 2012.

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's claim be dismissed pursuant to Local Rule 110 for Plaintiff's failure to obey the Court's orders.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2010, Plaintiff, then represented by counsel, filed a complaint against Defendants City of Fresno ("City"), Officer Castillo, Officer Stephen Taylor ("Officer Taylor"), and County of Fresno ("County" or, collectively, "Defendants"). (Doc. 1.) Plaintiff alleged that he had been driving a vehicle on June 20, 2008, "which, unbeknownst to him, had been stolen by his girlfriend and passenger, Carol Schumann" ("Ms. Schumann"). (Doc. 1, ¶ 16.) Plaintiff asserted that he was unaware of the stolen status of the vehicle, or that Ms. Schumann was "in possession of a firearm," until a police car indicated that he should "pull over." (Doc. 1, ¶ 16.) Plaintiff alleged that he exited the freeway and "proceeded for several blocks until he parked the [vehicle] in the vicinity of the Twilight Haven retirement home." (Doc. 1, ¶ 17.) Plaintiff contended that, although he was attempting to "surrender peaceably to the officers," the officers "deliberately collided the front of their vehicle with the front driver side" of the vehicle Plaintiff had been driving. (Doc. 1, ¶¶ 17-18.) "[P]erceiving that the police officers intended to drive their squad car directly" into Plaintiff's vehicle, Plaintiff "fled from the vehicle he had been driving, narrowly escaping." (Doc. 1, ¶ 19.) Plaintiff then "ran into a neighboring building, followed by Officer Castillo." (Doc. 1, ¶ 20.) Plaintiff alleged that he "again attempted to surrender to Officer Castillo," but Officer Castillo "shot Plaintiff . . . in the back." (Doc. 1, ¶ 20.)

On October 8, 2010, District Judge Lawrence J. O'Neill granted Defendants' motions to dismiss and allowed Plaintiff leave to amend. (Docs. 21, 22.) Plaintiff filed a first amended complaint on October 19, 2010, alleging the same facts as above. (Doc. 23, ¶¶ 16-20.) On December 9, 2010, Judge O'Neill granted in part Defendants' motion to dismiss, dismissing with prejudice the claims against Officer Taylor, City, and County, but permitting certain claims against Officer Castillo to proceed. (Doc. 31.) On January 18, 2011, Judge O'Neill denied Plaintiff's motion for reconsideration and corrected the claims remaining in effect against Officer Castillo. (Doc. 40.)

1   On February 25, 2011, Plaintiff filed a motion for relief from judgment and to amend, which was
2   denied by Judge O'Neill on March 22, 2011.  (Docs. 45, 50.)

3          On November 30, 2011, the Court granted the motion to withdraw as attorney of record
4   brought by Plaintiff's former counsel.  (Doc. 74.)  The Court ordered that if Plaintiff obtained new
5   counsel, such new counsel must file an appearance by no later than January 17, 2012.  (Doc. 74.)
6   Alternatively, Plaintiff was ordered to notify the Court if he would be proceeding in *propria persona*.
7   (Doc. 74.)  Plaintiff did not file any notice regarding his representation, nor did new counsel file a
8   substitution of attorney with the Court.  The Court had indicated, however, that if Plaintiff failed to
9   file any notice, the Court would find that Plaintiff had elected to represent himself.  (Doc. 74.)

10          The Court ordered that a joint scheduling report be filed by no later than January 17, 2012,
11   for a status conference set for January 24, 2012.  (Doc. 74.)  On January 17, 2012, Officer Castillo
12   filed his amended scheduling conference report, stating that Plaintiff, representing himself in *propria*
13   *persona*, had not responded.  (Doc. 80.)

14          On January 19, 2012, the Court issued an order (Doc. 81) continuing the scheduling
15   conference to March 6, 2012, and ordering Plaintiff to contact counsel for Officer Castillo to meet
16   and confer regarding the issues at question in the scheduling conference, as required pursuant to the
17   Court's Order Setting Mandatory Scheduling Conference  (Doc. 5-1).  Plaintiff was informed that
18   "[a] party representing himself in *propria persona* is required to comply with the Federal Rules of
19   Civil Procedure, the Local Rules of this Court, and all Court orders" and that "[t]he Court's Order
20   Setting Mandatory Scheduling Conference, issued on June 22, 2010, requires all parties to meet and
21   confer prior to submitting a joint scheduling report."  (Doc. 81, 2:3-11; *see also* Doc. 5-1.)  Plaintiff
22   was also ordered to provide the Court and Defendant's counsel with his contact information,
23   including a telephone number.  (Doc. 81, p. 2.)  Plaintiff was "cautioned that failure to comply with
24   the Court's order may result in the imposition of sanctions, including dismissal of his action."
25   (Doc. 81, 2:21-22.)  The Court's January 19, 2012, order was served on Plaintiff via U.S. mail; the
26   mailing was not returned.

27          On February 28, 2012, Officer Castillo filed a separate scheduling report, indicating that
28   "Plaintiff has failed to meet and confer with Defendant's counsel regarding the joint scheduling order

and failed to provide Defendant's counsel with his contact information." (Doc. 82, 3:11-13.) Plaintiff also failed to provide the Court with his contact information as required in the January 19, 2012, order. (Doc. 81, 2:19-20.) On March 1, 2012, the Court issued an order to show cause as to why Plaintiff's action should not be dismissed for failure to comply with the Court's order and vacated the scheduling conference. (Doc. 83.) The order to show cause was served on Plaintiff via U.S. mail, and was returned as undeliverable as addressed, unable to forward, on March 12, 2012.

### III.   DISCUSSION

A party representing himself in *propria persona* is required to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and all Court orders. The Local Rules of the United States District Court, Eastern District of California, Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.

2002); *see also Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.  "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, the Court finds that dismissal of Plaintiff's complaint is appropriate.  In considering the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted).  Plaintiff failed to comply with the June 22, 2010, Court Order Setting Mandatory Scheduling Conference (Doc. 5-1) requiring all parties to meet and confer prior to the filing of the scheduling report.  Plaintiff also failed to comply with the Court's January 19, 2012, Order (Doc. 81) reminding Plaintiff of his need to comply with the Court Order Setting Mandatory Scheduling Conference, requiring Plaintiff to contact Officer Castillo's counsel to meet and confer, and ordering Plaintiff to provide the Court and opposing counsel his current contact information, including telephone number.  Due to Plaintiff's failure to comply with the Court's orders, the first factor weighs in favor of dismissing the action.[1]

The second factor, the court's need to manage its docket, also weighs in favor of dismissal. "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding." *Lopez v. Washington Mut. Bank, F.A.,* No. 1:09-CV-1838 AWI JLT, 2010 WL 2629039, at *1 (E.D. Cal. Jun. 25, 2010).  Here, Plaintiff has essentially disappeared from the proceedings and has not provided the Court or opposing counsel with any method to contact him.  The Court cannot keep cases open and pending on the chance that a party may some day decide to continue litigating the action.  "It would be absurd to require the district court to hold a case in abeyance indefinitely just

---

[1] The Court notes that its last order, the order to show cause dated March 1, 2012, (Doc. 83), was served on Plaintiff via U.S. mail and was returned as undeliverable.  However, the January 19, 2012, order (Doc. 81) requiring Plaintiff to meet and confer with Officer Castillo's counsel was served on Plaintiff via U.S. mail and not returned; as such, Plaintiff received notice of that Court order and nonetheless failed to comply.  Plaintiff had notice that he was to provide the Court and opposing counsel his contact information (Doc. 81, 3:6-7.)  Further, Local Rule 182(f) provides in pertinent part that "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or pro se party."  As such, Plaintiff failed to comply with both the Court's order and the Local Rule.

1    because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his

2    reasons for not prosecuting his lawsuit are reasonable or not." *Carey*, 856 F.2d at 1441.

3         The third factor, the risk of prejudice to defendants, also weighs in favor of dismissal, since

4    a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

5    *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

6         The fourth factor of public policy favoring disposition on the merits normally weighs against

7    dismissal. *Id*. at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's

8    failure to comply with deadlines . . . cannot move forward toward resolution on the merits. Thus, [the

9    Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility

10   it is to move a case toward disposition on the merits but whose conduct impedes progress in that

11   direction." *In re PPA,* 460 F.3d at 1228 (citation omitted).  As such, this factor has little weight in

12   cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with

13   the action. *See id.; Lopez*, 2010 WL 2629039, at *2.

14        Concerning the fifth factor, the availability of lesser sanctions, "[t]he district court abuses its

15   discretion if it imposes a sanction of dismissal without first considering the impact of the sanction

16   and the adequacy of less drastic sanctions." *In re PPA*, 460 F.3d at 1228.  The court must consider

17   the "feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate,"

18   whether there was an "alternative methods of sanctioning or curing the malfeasance before ordering

19   dismissal," and whether "the court warn[ed] the plaintiff of the possibility of dismissal before

20   actually ordering dismissal." *Id*. at 1229 (citations omitted).  Here, Plaintiff was expressly warned

21   that dismissal would result from his noncompliance with the Court's order.  The Court's January 19,

22   2012, order stated that Plaintiff's "failure to comply with the Court's order may result in the

23   imposition of sanctions, including dismissal of his action." (Doc. 81, 2:21-22)  Further, because

24   Plaintiff is proceeding pro se and has essentially disappeared from the action, monetary sanctions

25   are not a viable alternative.  As such, under the circumstances present in this case, there is no

26   alternative to dismissal.

27

28

1

### IV.    CONCLUSION AND RECOMMENDATION

2        Accordingly, the Court HEREBY RECOMMENDS that the Complaint be DISMISSED

3   pursuant to Local Rule 110, for Plaintiff's failure to obey the June 22, 2010, Court Order Setting

4   Mandatory Scheduling Conference and the January 19, 2012, Court Order.  (Docs. 5-1, 81.)

5        These findings and recommendations are submitted to the district judge assigned to this

6   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one

7   (21) days of service of this recommendation, any party may file written objections to these findings

8   and recommendations with the Court and serve a copy on all parties.  Such a document should be

9   captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

10  will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.

11  § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

12  waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13

14  IT IS SO ORDERED.

15  **Dated:    March 27, 2012**                    _____  **/s/ Sheila K. Oberto**_____
                                                    UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28